UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRIGHT IMPERIAL LIMITED,<br><br>    Plaintiff,<br><br> v.<br><br>REDTUBES.US, et al.,<br><br>    Defendant. | Civil Action No. 1:10-cv-572 GBL/JFA |

**MOTION FOR AN ORDER TO PUBLISH
NOTICE OF ACTION RE <RETUBES.US> DOMAIN NAME**

Plaintiff Bright Imperial Limited ("Bright"), by and through its undersigned counsel, respectfully requests that this Court enter an Order under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) directing that Plaintiff publish notice of this action regarding the domain name <redtubes.us> in *The Washington Times* once within 14 days after entry of the Order. A Memorandum of Law in support of this motion and a Proposed Order are attached.

              Respectfully submitted,

              /s/ Sheldon M. Kline_____
              Sheldon M. Kline (VA Bar No. 27959)
              James M. Chadwick (admitted *pro hac vice*)
              Thayer M. Preece (admitted *pro hac vice*)
              Karin H. Johnson (admitted *pro hac vice*)
              SHEPPARD MULLIN RICHTER & HAMPTON LLP
              1300 I Street, NW, 11th Floor East
              Washington, DC 20005
              Telephone: (202) 218-0000
              Facsimile: (202) 218-0020
              skline@sheppardmullin.com
              jchadwick@sheppardmullin.com
              tpreece@shepparmullin.com
              kjohnson@sheppardmullin.com

Attorneys for Plaintiff Bright Imperial Limited

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2010, I electronically filed the foregoing MOTION FOR AN ORDER TO PUBLISH NOTICE OF ACTION RE <REDTUBES.US> DOMAIN NAME with the Clerk of the Court using the CM/ECF system and that a copy was sent electronically and via airmail, postage prepaid, to the following non-filing party:

> Redtubes.us (info@redtubes.us)
> Sid el Bawchrieh
> Bawchrieh 00961
> Lebanon

/s/ Sheldon M. Kline
Sheldon M. Kline (VA Bar No. 27959)
James M. Chadwick (admitted *pro hac vice*)
Thayer M. Preece (admitted *pro hac vice*)
Karin H. Johnson (admitted *pro hac vice*)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1300 I Street, NW, 11th Floor East
Washington, DC 20005
Telephone: (202) 218-0000
Facsimile: (202) 218-0020
skline@sheppardmullin.com
jchadwick@sheppardmullin.com
tpreece@shepparmullin.com
kjohnson@sheppardmullin.com

Attorneys for Plaintiff Bright Imperial Limited

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRIGHT IMPERIAL LIMITED,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>REDTUBES.US, et al.,<br><br>　　　　　　　Defendant. | Civil Action No. 1:10-cv-572 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
AN ORDER TO PUBLISH NOTICE OF ACTION RE <RETUBES.US> DOMAIN NAME**

　　　　Plaintiff Bright Imperial Limited ("Bright" or "Plaintiff"), by and through its undersigned counsel, respectfully submits its Memorandum of Law in support of its Motion For An Order to Publish Notice of Action Re <Redtubes.us> Domain Name ("Motion").  For the reasons set forth below, Bright respectfully submits that its Motion should be granted and requests that this Court enter an Order directing that Plaintiff publish notice of this action regarding the domain name <redtubes.us> in *The Washington Times* in accordance with the Anticybersquatting Consumer Protection Act ("ACPA") and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").

**STATEMENT OF RELEVANT FACTS**

　　　　Bright initiated the instant lawsuit against Defendants on June 1, 2010 (the "Action"), seeking damages and injunctive relief for:  (1) trademark infringement, false designation of origin and unfair competition (15 U.S.C. § 1125(a)); (2) trademark dilution ((15 U.S.C. § 1125(c); (3) common law trademark infringement and unfair competition; and (4) cybersquatting (15 U.S.C. § 1125(d)).  In the alternative, Bright sought injunctive relief to prevent ongoing cybersquatting, pursuant to the *in rem* provisions of the ACPA  (15 U.S.C.

§ 1125(d)(2)). Bright's verified complaint ("Complaint") establishes that the use of the <redtubes.us> domain name (the "Infringing Domain Name") violates Bright's rights because the Infringing Domain Name is confusingly similar to, and dilutive of, Bright's famous REDTUBE trademark (the "REDTUBE Mark").

During a hearing on Friday, June 25, 2010, this Court expressed serious doubts regarding the existence of personal jurisdiction over the Defendants named in the Complaint and suggested Bright should proceed under the *in rem* procedures set forth in the ACPA. On July 15, 2010, Counsel for Bright sent a copy of the Complaint via registered electronic mail ("e-mail") to the registrant of the Infringing Domain Name ("Registrant"), at the dedicated e-mail address provided by the Registrant (as identified in the WHOIS record for the Infringing Domain Name). The message was delivered to the server associated with that e-mail address and was opened. (*See* E-mail to Registrant and Registered E-mail Receipts, true and correct copies of which are attached hereto as Exhibit A.) Bright also sent a copy of the complaint to the address identified in the WHOIS record. (*See* Letter to Redtubes.us dated July 15, 2010, a true and correct copy of which is attached hereto as Exhibit B.)

In addition, counsel for Bright sent a copy of the Complaint via registered e-mail to Neustar, Inc., which administers the registry for all <.us> domain names (the "Registry" or "Neustar"). (*See* E-mail to Neustar, Inc. and Registered E-mail Receipt, a true and correct copy of which is attached hereto as Exhibit C.) Pursuant to the ACPA, Neustar is therefore required to promptly deposit the <redtubes.us> domain name with the Court.

To date, Bright has failed to obtain definitive proof of any specific basis for asserting personal jurisdiction over the Defendants named in the complaint. Moreover, Registrant has neither appeared in this Action nor contacted Bright or its counsel regarding this

Action. Thus, Plaintiff seeks an Order from the Court to publish notice of this Action so that Bright may complete the process of providing notice of the Action, and proceed *in rem* against the Infringing Domain Name.

## **LEGAL ARGUMENT**

The ACPA provides that the owner of a trademark may proceed with an *in rem* action against a domain name when the court finds that the owner is unable to obtain *in personam* jurisdiction over the registrant of the domain name. *See* 15 U.S.C. § 1125(d)(2)(A).

After conducting a diligent investigation, Bright has been unable to obtain proof of specific acts by Defendants that would bring them within the personal jurisdiction of this Court. As indicated by its <.us>domain name identifier, the Infringing Domain Name resides on the <.us> registry administered by Neustar, Inc., which maintains an office in this judicial district. Accordingly, Plaintiff is entitled to bring this action against the Infringing Domain Name in this judicial district under 15 U.S.C. § 1125(d)(2)(A).

The ACPA provides that service of process for *in rem* actions shall be complete upon:

> (aa)   sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
> (bb)   publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. §§ 1125(d)(2)(A)(ii)(II)(aa-bb) ("Section 1125(d)(2)(A)(ii)(II)").

As set forth above, Bright's counsel sent notice of this action to the e-mail address of the Registrant of the Infringing Domain Name and to the Registrant's physical address, as shown in the information provided by the Registrant to Neustar, the Registry. *See* Exhs. A and B. The e-mail address that Registrant provided to the Registry is the means by which Registrant

agreed to be notified concerning events affecting the Infringing Domain Name. As indicated in the Complaint and in Bright's prior submissions to the Court, Bright had previously contacted the Registrant and had requested that Registrant cease using the Infringing Domain Name in a manner that violates Bright's rights. The Registrant refused. Thus, Bright has acted with due diligence in attempting to notify Defendants of the Infringing Domain Name's violation of Plaintiff's rights.

Because Bright has not been able to establish a basis for personal jurisdiction over the named Defendants, Bright now moves the Court to authorize Plaintiff's proposed method of publication to satisfy the requirements of Section 1125(d)(2)(A)(ii)(II). Plaintiff proposes to publish notice of this action (as set forth in the proposed Order, attached hereto as Exhibit D), once within 14 days after the entry of the Order, in *The Washington Times*, which is distributed primarily in the same judicial district as the domain name registry and this Court. Bright submits that this notice conforms with the Court's previous *in rem* notification orders and with the Supplemental Rules. *See TracFone v. Malik*, No. 1:07cv1168 (Order to Publish Notice of Action Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), Feb. 6, 2009) (Hilton, J.); *Volkswagen AG, et al v. VOLKSWAGENTALK.COM*, No. 1:08cv819 (Order to Publish Notice of Action Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), Aug. 19, 2008) (Jones, J.); *Compucredit Corp., et al v. ASPIRE.COM*, No. 1:07cv0739 (Order to Publish Notice of Action Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), Aug. 10, 2007) (Buchanan, J.). *See also Shri Ram Chandra Mission v. SAHAJMARG.ORG*, 139 F. Supp. 2d 721 (E.D. Va. 2001) (Hilton, J.); Supplemental Rule G(4)(a).

## **CONCLUSION**

For the reasons set forth above, Plaintiff requests that this motion be granted and that the Court enter the Proposed Order attached as Exhibit D.

Dated:  July 29, 2010

Respectfully submitted,

/s/Sheldon M. Kline
Sheldon M. Kline (VA Bar No. 27959)
James M. Chadwick (admitted *pro hac vice*)
Thayer M. Preece (admitted *pro hac vice*)
Karin H. Johnson (admitted *pro hac vice*)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1300 I Street, NW, 11th Floor East
Washington, DC 20005
Telephone: (202) 218-0000
Facsimile: (202) 218-0020
skline@sheppardmullin.com
jchadwick@sheppardmullin.com
tpreece@shepparmullin.com
kjohnson@sheppardmullin.com

Attorneys for Plaintiff Bright Imperial Limited

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2010, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER TO PUBLISH NOTICE OF ACTION RE <REDTUBES.US> DOMAIN NAME with the Clerk of the Court using the CM/ECF system and that a copy was sent electronically and via airmail, postage prepaid, to the following non-filing party:

> Redtubes.us (info@redtubes.us)
> Sid el Bawchrieh
> Bawchrieh 00961
> Lebanon

> /s/ Sheldon M. Kline
> Sheldon M. Kline (VA Bar No. 27959)
> James M. Chadwick (admitted *pro hac vice*)
> Thayer M. Preece (admitted *pro hac vice*)
> Karin H. Johnson (admitted *pro hac vice*)
> SHEPPARD MULLIN RICHTER & HAMPTON LLP
> 1300 I Street, NW, 11th Floor East
> Washington, DC 20005
> Telephone: (202) 218-0000
> Facsimile: (202) 218-0020
> skline@sheppardmullin.com
> jchadwick@sheppardmullin.com
> tpreece@shepparmullin.com
> kjohnson@sheppardmullin.com

Attorneys for Plaintiff Bright Imperial Limited