IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NOV – 1 2010

CLERK, U.S. ... URT
ALEXANDRIA, V... A

BRIGHT IMPERIAL LIMITED,                )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )   Civil Action No. 1:10cv0572 (GBL/JFA)
                                        )
REDTUBES.US, *et al.*,                  )
                                        )
        Defendants.                     )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to

Federal Rule of Civil Procedure 55(b).  (Docket no. 20).  In its motion for default judgment, the

plaintiff, Bright Imperial Limited, seeks a default judgment ordering the registry of the domain

name <redtubes.us> to transfer the registration from the current registrar to a domain registrar of

plaintiff's selection, and that such registrar selected by plaintiff shall register the domain name in

the name of Bright Imperial Limited.  Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned

magistrate judge is filing with the court his proposed findings of fact and recommendations, a

copy of which will be provided to all interested parties.

### Procedural Background

On June 1, 2010, Bright Imperial Limited ("Bright Imperial") filed its Complaint against

defendant domain name < redtubes.us >.[1]  (Docket no. 1) ("Compl.").  Plaintiff's Complaint

originally sought damages and injunctive relief for trademark infringement, false designation of

_____

[1] The Complaint initially named additional defendants redtubes.us, a business entity of unknown form and origin,
Flowers Lebanon Delivery, a business entity of unknown form and origin, Mila Abi Azar, an individual, Shadi
Barakat, an individual, and five Doe defendants.  (Docket no. 1).  After the court expressed doubts about the
existence of personal jurisdiction over each defendant, plaintiff elected to proceed only under the *in rem* provisions
of the Anticybersquatting Consumer Protection Act against defendant domain name <redtubes.us>.  (Docket no. 21,
Ex. H).

origin and unfair competition, trademark dilution, common law trademark infringement and unfair competition, as well as cybersquatting. (Compl. ¶ 1). However, plaintiff has elected to proceed only on the *in rem* claim for cybersquatting under the Anticybersquatting Consumer Protection Act of 1999 ("ACPA") stated as an alternative theory of liability in plaintiff's Complaint. (Docket no. 21, page 4; Compl. ¶ 2).

On June 18, 2010, plaintiff filed a Motion to Effect Service of Process by Alternative Means with a supporting declaration of Thayer M. Preece (Docket no. 6) and a notice for a hearing (Docket no. 7). Counsel for the plaintiff appeared before the undersigned on June 25, 2010 and presented argument on the motion. (Docket no. 9). On the same day, the undersigned ordered that the motion be denied. (Docket no. 10).

On July 29, 2010, plaintiff filed a Motion for Order to Publish Notice of Action along with a memorandum in support. (Docket no. 13). The undersigned entered an Order on August 5, 2010 directing that a copy of the court's Order be published in *The Washington Times* once within 14 days after the entry of the Order, and that a declaration be filed no later than 21 days from the date of publication of the Order describing the steps taken to comply with the Order. (Docket no. 16). The August 5, 2010 Order provided notice that plaintiff had charged the domain name <redtubes.us > with a violation of the ACPA and that in the event plaintiff prevails in the suit, the domain name could be forfeited, cancelled, or transferred to plaintiff. (Docket no. 16). Further, the Order directed any person who wished to assert an interest of right against the <redtubes.us > domain name to file a statement with the Clerk of the Court for the United States District Court for the Eastern District of Virginia within 21 days of the Order's publication in *The Washington Times*. (Docket no. 16).

On August 17, 2010, Karin Hunter Johnson filed a declaration stating that the court's Order had been published in *The Washington Times* on August 11, 2010. (Docket no. 17). A copy of the notice published in *The Washington Times* was filed as Exhibit A to the declaration. (Docket no. 17-1). Other than the claim by Bright Imperial, no response, claim, or other pleading has been filed by anyone asserting any right or claim to the defendant domain name.

On September 17, 2010, plaintiff filed a request for entry of default (Docket no. 18) and the Clerk entered a default against the defendant domain name on October 1, 2010 (Docket no. 19). On October 22, 2010 plaintiff filed a Motion for Default Judgment as to <redtubes.us > (Docket no. 20) with a memorandum of support (Docket no. 21) and a supporting declaration of Thayer Preece ("Preece Decl.") (Docket no. 21-1) and noticed its motion for a hearing on October 29, 2010 (Docket no. 22). On October 29, 2010, counsel for the plaintiff appeared and no one appeared on behalf of, or to assert an interest in, the defendant domain name.

### Factual Background

The following facts are established by the Complaint (Docket no. 1), the motion for default judgment (Docket no. 20), and the memorandum in support of the motion for default judgment with its declarations in support (Docket no. 21). Plaintiff, Bright Imperial Limited, is a Hong Kong limited liability company with a principal place of business in Wanchai, Hong Kong SAR. (Compl. ¶ 10). The defendant <redtubes.us> is an Internet domain name registered through Tucows, Inc. with the registry Neustar, Inc. ("Neustar") at 46000 Center Oak Plaza, Sterling, VA 20166. (Compl. ¶ 15). At the time of filing of the Complaint, plaintiff believed that defendant <redtubes.us> had been registered under a fictitious business name in an effort to avoid potential liability of injunctive relief. (Compl. ¶ 18, 31).

Plaintiff Bright Imperial owns and operates the adult entertainment and online dating website <redtube.com> ("the RedTube website"), which provides an online dating service and displays licensed adult videos. (Compl. ¶ 10, 19). The RedTube website is one of the most highly trafficked websites in the world; the web traffic monitoring website <alexa.com> ranked RedTube as the 105th most trafficked website in the world as of May 26, 2010 and the third most trafficked adult website in the world as of July 28, 2009. (Compl. ¶ 22; Docket no. 21, Ex. B).

Bright Imperial's predecessor in interest, Jager & Polacek GmbH, began using the REDTUBE trademark ("the REDTUBE mark") in interstate commerce on its website no later than July 2006. (Compl. ¶ 20, Preece Decl. ¶ 5). Bright Imperial began using the REDTUBE mark in connection with its online dating service in August of 2008, and either Bright Imperial or its predecessor in interest have used the REDTUBE trademark continuously since July 2006. *Id.* The RedTube website has been active since at least July 2006, though in or around March 2007 Bright Imperial's predecessor in interest registered the domain <redtube.com> and transferred the RedTube website from its prior host <www.jpds.com/redtube>. (Compl. ¶ 21).

Bright Imperial owns various rights in the REDTUBE trademark which include U.S. Trademark Serial Numbers 77/605,467 and 77/649,785.[2] (Preece Decl. ¶ 5). Bright Imperial's Trademark Registration No. 3,843,119 includes protection for "matchmaking and social introduction services."[3] (Preece Decl. ¶ 5). By virtue of its own use and assignment from its predecessor in interest, Bright Imperial owns various international rights in the REDTUBE mark including registered trademarks in Australia, Switzerland, Singapore, Iceland, and with the World Intellectual Property Organization ("WIPO"). (Compl. ¶ 24, 25; *see also*, Docket no. 21,

---

[2] U.S. Trademark Serial Numbers 77/605,467 and 77/649, 785 are currently pending with the United States Patent and Trademark Office.
[3] U.S. Trademark Registration No. 3,843,119 was finalized and registered on August 31, 2010, during the pendency of this action.

4

Ex. C). Bright Imperial acquired all rights in the REDTUBE trademark from its predecessor and now owns the registrations around the world and all trademark rights in the REDTUBE trademark, including common law trademark rights. *Id.* Bright Imperial owns domain name registrations for a number of domains incorporating the REDTUBE mark, including <redtube.com>, <redtube.us> and <redtube.org>. (*See* full list of registered domain names, Compl. ¶ 26).

Bright Imperial alleges that the REDTUBE trademark has become famous as a result of the widespread popularity of the RedTube website, and that it experiences significant goodwill from web users' association of the REDTUBE trademark with high quality adult videos and online dating services. (Compl. ¶ 23). By October 2008, the RedTube website was averaging over 7 million visits per day. (Preece Decl. ¶ 12; Docket no. 21, Ex. D).

Subsequent to Bright Imperial's use of the REDTUBE mark in the United States and without the consent of Bright Imperial, the defendant domain name was registered in the name of Shadi Barakat on or around October 24, 2008 and was transferred into the name of Milia Abi Azar on or about March 21, 2009.[4] (Compl. ¶ 27; *see also*, Docket no. 1 Ex. A). At some point between March 2009 and June 2009, an online dating website began operation at the defendant domain name <redtubes.us>. (Compl. ¶ 27). At some point after June 2009, the defendant domain name's public registration information was altered to show the registrant's name as "Redtubes.us" in order to avoid potential liability or injunctive relief.[5] (Compl. ¶ 31).

---

[4] Both Shadi Barakat and Milia Abi Azar were originally named individually as defendants in this action. Given issues relating to locating and establishing jurisdiction over these individual defendants, plaintiff has declined to pursue the claims against the individual defendants.
[5] In July, 2009, counsel for the plaintiff engaged in e-mail correspondence with an unidentified individual at the e-mail address originally associated with the registrant of the defendant domain name. Over the course of two weeks, the individual denied that <redtubes.us> infringed on the REDTUBE mark. Counsel for the plaintiff received no further communication from this individual after August 10, 2009. (Docket no. 21, Exs. A, F, G).

The defendant domain name <redtubes.us> differs from plaintiff's <redtube.com>
domain name only by the top level domain designation and the addition of one letter. (Compl. ¶
27). The website at the defendant domain name is titled "Redtube" and has prominently and
extensively incorporated the REDTUBE trademark throughout the front page of the website.
(Compl. ¶ 28). The website at defendant <redtubes.us> uses the REDTUBE trademark
throughout the site, including using the term REDTUBE at least thirteen times on the front page
of the website. (Preece Decl. ¶ 6). The practice of repeatedly using a term in the text or
metadata of a website is a typical method used to cause a website to appear high in the results
returned by an Internet search engine for a particular term. (Preece Decl. ¶ 13). The defendant
domain name uses the REDTUBE mark on its website to brand and market content which is
related to and is in competition with the RedTube website. (Compl. ¶ 30). In addition to
providing services in direct competition with the RedTube website, the defendant domain name
features advertisements for other competitors of the RedTube website. (Preece Decl. ¶ 6).

By the time the online dating website began operating at the defendant domain name, the
RedTube website was among the most highly-trafficked websites on the Internet. (Compl. ¶ 27).
For these reasons, among others, the Bright Imperial claims the defendant domain name was
registered in bad faith, with knowledge of the RedTube website and with the intent to divert and
acquire traffic and profits from the RedTube website and to unlawfully trade on the RedTube
website's success, fame, and goodwill through the use of a confusingly similar name and
domain. (Compl. ¶ 27).

On July 15, 2010, counsel for plaintiff sent a copy of the Complaint by U.S. mail and e-
mail to the postal and e-mail addresses of the registrant identified in the WHOIS record for the
domain name <redtubes.us>. (Docket no. 13, Exs. A, B). By sending the Complaint by

registered email, counsel for plaintiff was able to receive confirmation that the email sent to the registrant's email address had been received and opened. (Docket no. 13, Ex. A). Counsel for plaintiff also sent a copy of the Complaint by registered email to Neustar, the administrator of the registry <.us>, and received confirmation that the email was delivered. (Docket no. 13, Ex. C). Pursuant to the court's Order of August 5, 2010, notice of this action was published in *The Washington Times* on August 11, 2010. (Docket nos. 16, 17).

Despite diligence on the part of Bright Imperial to notify the registrant of this action by electronic mail, United States mail, and through publication in *The Washington Times*, no person has appeared or filed any pleading or made any claim to the defendant domain name in this case in response to Bright Imperial's Complaint.

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure of the defendant domain name to file a responsive pleading in a timely manner, the Clerk has entered a default as to defendant <redtubes.us >. (Docket no. 19). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages,

establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting defendant before it can render a default judgment. Bright Imperial's claim arises under the ACPA, 15 U.S.C. § 1125(d), and this court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

The court has *in rem* jurisdiction over the domain name <redtubes.us> under 15 U.S.C. § 1125(d)(2). The first required element for *in rem* jurisdiction over a domain name is satisfied when the domain name violates any right of the owner of a mark registered with the Patent and Trademark Office. *See* 15 U.S.C. § 1125(d)(2)(A)(i). Bright Imperial owns all trademark rights in the REDTUBE trademark and claims that its rights in that mark are being violated by the registration and use of <redtubes.us>. (Compl. ¶ 24; Docket no. 21, Section III (B)). The ACPA also conditions *in rem* jurisdiction upon a finding that the trademark owner: (a) is unable to obtain personal jurisdiction over a person who would otherwise be a defendant in a civil action under the ACPA; or (b) through due diligence cannot find the person who would have been a defendant in such an action, having sent that person postal and electronic notice of both the alleged violation and the owner's intent to sue. *See* 15 U.S.C. § 1125(d)(2)(A)(ii). Bright Imperial is unable to obtain personal jurisdiction over the registrant, who otherwise would be the named defendant in this action, as the registrant appears to be either an entity or individual in Lebanon and Bright Imperial has no evidence to suggest that this entity or individual as sufficient contacts with the United States to provide personal jurisdiction. (Docket no. 21). Further, Bright Imperial has complied with the *in rem* service requirements of the ACPA, by

sending on July 15, 2010 a copy of the Complaint to the postal and e-mail addresses provided by the registrant of the defendant domain name and by publishing notice of this action on August 11, 2010 in *The Washington Times*. (Docket no. 21, Exs. I, J; Docket no. 17).

Venue is proper in this district under 15 U.S.C. § 1125(d)(2)(C)(i), which places venue for an *in rem* ACPA action in the judicial district in which the domain name's registrar, registry, or other domain name authority that registered or assigned the domain name is located. Neustar, Inc. maintains the <.us> registry in which the infringing domain name resides and is located within this district, in Sterling, Virginia. (Compl. ¶ 15).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the defendant domain name and that venue is proper in this court.

### Service

On July 15, 2010, counsel for plaintiff sent a copy of the Complaint by U.S. mail and e-mail to the postal and e-mail addresses of the registrant identified in the WHOIS record for the domain name <redtubes.us> and received confirmation that the email had been received and opened. (Docket no. 13, Exs. A, B). Counsel for plaintiff also sent a copy of the Complaint by registered email to Neustar, the administrator of the registry <.us>, and received confirmation that the email was delivered. (Docket no. 13, Ex. C). Pursuant to the court's Order of August 5, 2010, notice of this action was published in *The Washington Times* on August 11, 2010. (Docket nos. 16, 17). As set forth in the published notice, any person asserting an interest in or right against the defendant domain name was required to file an answer or other response to the Complaint within 21 days from the date of publication of the Order in *The Washington Times*. The 21-day time period for filing an answer or claim expired on September 1, 2010.

9

The ACPA provides that service of process in an *in rem* action may be accomplished by sending a notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar and by publishing notice of the action as the court may direct promptly after filing the action. 15 U.S.C. § 1125(d)(2)(B). Bright Imperial has complied with these provisions and the undersigned recommends a finding that service of process has been accomplished in this action.

### Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), and as stated in the notice of this lawsuit, anyone asserting a claim to the defendant domain name was required to file an answer or response with the Clerk by September 1, 2010. No responsive pleading was filed by either the named registrant or anyone else claiming ownership of the domain name and on September 17, 2010 Bright Imperial filed its request for entry of default. (Docket no. 18). The Clerk of the Court entered a default on October 1, 2010. (Docket no. 19). Upon obtaining default, Bright Imperial filed its motion for default judgment and noticed it for a hearing on October 29, 2010. (Docket nos. 20, 22). Bright Imperial provided the registrant with notice of the filing of the request for entry of default, the motion for default judgment, and the notice of the hearing on the motion for default judgment by electronic mail and airmail, postage prepaid. (Docket nos. 18, 20, 21).

The undersigned magistrate judge recommends a finding that notice of this *in rem* action was provided properly, that no one filed a responsive pleading or claim to the defendant domain name in a timely manner, and that the Clerk properly entered a default as to the defendant domain name <redtubes.us>.

## Liability and Relief Sought

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because no responsive pleading was filed, the factual allegations in the Complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). The relief sought in the Complaint is the transfer of control of the defendant domain name to Bright Imperial. The notice published pursuant to the ACPA stated that one of the remedies available under the ACPA was the transfer of the domain name to the plaintiff in this action. (Docket no. 17, Ex. A).

To state a claim under the ACPA, Bright Imperial must prove that <redtubes.us> and/or its registrant registered, trafficked in, or used a domain name with a bad faith intent to profit and that the domain name is either identical or confusingly similar to a distinctive mark owned by Bright Imperial, or, upon a finding that a mark owned by Bright Imperial is famous, that the domain is identical or confusingly similar to, or dilutive of, Bright Imperial's famous mark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). The registration of the REDTUBE mark is *prima facie* evidence that the mark is at least descriptive and has acquired distinctiveness.[6] *America Online, Inc. v. AT&T Corp.,* 243 F.3d 812, 816 (4th Cir. 2001).

Here, Bright Imperial and its predecessor in interest have been using the REDTUBE mark in interstate commerce in connection with the promotion of its goods and services since 2006. (Compl. ¶ 20). By this continuous use, plaintiff and its predecessor in interest have

---

[6] The fact that the trademark registration process was not completed in the United States until after plaintiff filed this is not fatal to plaintiff's claim, as 15 U.S.C. ¶ 1125(a) "generally has been construed to protect against trademark, service mark, and trade name infringement even though the mark or name has not been federally registered." *Int'l Bancorp, LLC, et al. v. Societe des Baines de Mer et du Cercle des Etrangers a Monaco*, 192 F.Supp. 2d 467, 479 (2002) (quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)). Plaintiff's REDTUBE trademark registration was finalized on August 31, 2010 and given registration number 3,843,119. (Docket no. 21, Ex. C).

acquired common law trademark rights in addition to any statutory trademark rights. *See Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). As a consequence of its widespread popularity and use of the RedTube website, the REDTUBE mark has become distinctive and is widely recognized by consumers throughout the United States and around the world. (Compl. ¶ 23). For these reasons the undersigned magistrate judge recommends a finding that the REDTUBE mark is distinctive.

The next consideration is whether <redtubes.us> is identical or confusingly similar to, the REDTUBE trademark. Based on the uncontested allegations in the Complaint, the undersigned magistrate judge recommends a finding that <redtubes.us> is confusingly similar to the REDTUBE trademark. The registration and use of <redtubes.us> is likely to cause confusion among the public, including customers of Bright Imperial's RedTube website, because the "dominant or salient portions" of the REDTUBE mark and <redtubes.us> are identical. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 936 (4th Cir. 1995). Accordingly, "a finding of likelihood of confusion is appropriate despite the fact that collateral portions of the mark may differ." *Atlas Copco AB v. Atlascopcoiran.com*, 533 F. Supp. 2d 610, 614 (E.D. Va. 2008) (finding that the addition of generic geographic terms to plaintiff's registered mark did not distinguish the defendant domain names from the registered marks) ("An internet user might reasonably assume that the geographic term 'CASPIAN' and 'IRAN' were added to the ATLAS COPCO trademark by the Plaintiffs to identify its geographic location."). The only difference between the domain name of the RedTube website and the defendant domain name is the insertion of the letter "s" in the domain name and the differing domain registry <.us> rather than <.com>. (Compl. ¶ 27). Defendant domain name incorporates the REDTUBE trademark throughout the front page of the website, thus increasing traffic from search engine

searches for the REDTUBE trademark, and displays the REDTUBE trademark in red text so as to make it stand out from the rest of the black text on the website. (Compl. ¶ 28).

Having recommended a finding that the REDTUBE mark is distinctive and that <redtubes.us> is confusingly similar to the REDTUBE mark, the court now turns to the question of whether the registrant registered or used <redtubes.us> with a bad faith intent to profit. For at least the following reasons, the undersigned recommends a finding that the registrant registered and has used <redtubes.us> with a bad faith intent to profit from the REDTUBE trademark:

1. The REDTUBE trademark, which the registrant has incorporated into <redtubes.us>, was distinctive prior to the registration of the defendant domain name (Compl. ¶ 23);

2. The defendant domain name is confusingly similar to the REDTUBE mark under 15 U.S.C. § 1125(d)(1)(A)(ii)(I);

3. The registrant has no valid trademark or intellectual property rights in the REDTUBE trademark or <redtubes.us> within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(I);

4. From the record before the court, it appears that <redtubes.us> does not consist of the registrant's legal name or in any way identify the registrant within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(II);

5. The registrant has not used <redtubes.us> in connection with the *bona fide* offering of any goods or services within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(III) since the use of the REDTUBE mark was without permission from the mark's owner;

6. The registrant has not used <redtubes.us> for *bona fide* noncommercial purposes or within the fair use provisions of 15 U.S.C. § 1125(d)(1)(B)(i)(IV);

7. The registrant's intent in registering and using <redtubes.us> was to divert Bright Imperial's customers and potential customers to competitors of the RedTube website, profit from

13

the distinctive nature of the REDTUBE mark, and harm the goodwill of the REDTUBE mark, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(V); and

7. The registrant has intentionally failed to maintain accurate contact information in order to prohibit Bright Imperial or any other interested entity from obtaining accurate contact information as to the true registrant which may be considered misleading within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(VII).

The ACPA provides that, upon a finding of a violation, the court has discretion to cancel the domain name registration or order it transferred to the trademark owner. 15 U.S.C. § 1125(d)(1); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 232 (4th Cir. 2002) ("Transfer or cancellation of the defendant domain name[] is the only remedy available under § 1125(d)(2)'s *in rem* provision"). For these reasons, the undersigned magistrate judge recommends a finding that the registrant's actions have violated the ACPA, and that an order be entered requiring the registry Neustar, Inc. to transfer the domain name <redtubes.us> from the current sponsoring registrar Tucows, Inc. to a domain registrar of the plaintiff's selection and thereafter such registrar shall register the domain name <redtubes.us> in the name of Bright Imperial.[7]

## Conclusion

For the foregoing reasons, the undersigned recommends that a default judgment be entered in favor of Bright Imperial Limited and against defendant domain name <redtubes.us>. The undersigned further recommends that the court enter an Order directing that Neustar, Inc. transfer the registration for the domain <redtubes.us> to a registrar selected by plaintiff Bright Imperial Limited.

---

[7] The most current domain history in the record is a WHOIS record dated November 12, 2009 and lists the sponsoring registrar as "Tucows, Inc." and the registrant name and organization as "Redtubes" and "redtubes.us." (Docket no. 21, Ex. F).

### Notice to Parties

Failure to file written objections to these proposed findings of fact and recommendations within fourteen (14) days after being served with a copy of the proposed findings of fact and recommendations may result in the waiver of any right to a *de novo* review of the proposed findings and recommendations and such failure shall bar you from attacking on appeal any findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error. A copy of these proposed findings of fact and recommendations shall be sent to the registrant of the domain name at Redtubes.us, Sid el Bawchrieh, Bawchrieh 00961, Lebanon.

ENTERED this 1st day of November 2010.

/s/
John F. Anderson
United States Magistrate Judge
United States Magistrate Judge

Alexandria, Virginia