IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRIGHT IMPERIAL LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10cv572 |
| | ) |
| REDTUBES.US, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

THIS MATTER is before the Court on the November 1, 2010 Report and Recommendation of Magistrate Judge John F. Anderson regarding Plaintiff's Motion for Default Judgment against Defendant domain name <redtubes.us>.[1] (Dkt. No. 20.) This case concerns Plaintiff's request for injunctive relief under the *in rem* provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), against Defendant domain name <redtubes.us>.

Plaintiff Bright Imperial Limited ("Plaintiff" or "Bright Imperial") owns and operates the adult entertainment and online

---

[1] In its Complaint, Plaintiff initially sought damages and injunctive relief for trademark infringement, false designation of origin and unfair competition, trademark dilution, common law trademark infringement and unfair competition, as well as cybersquatting, and named additional Defendants redtubes.us, a business of unknown form and origin, Flowers Lebanon Delivery, a business entity of unknown form and origin, Mila Abi Azar, an individual, Shadi Barakat, an individual, and five Doe Defendants. (Dkt. No. 1.) Plaintiff has elected to proceed only under the *in rem* provisions of the Anticybersquatting Consumer Protection Act against Defendant domain name <redtubes.us>.

1

dating website <redtube.com> ("RedTube website"), which is one of the most highly trafficked websites in the world. Plaintiff began using the REDTUBE trademark in connection with its online dating services in August of 2008, and either Plaintiff Bright Imperial or its predecessor in interest has used the REDTUBE trademark continuously since July 2006. Plaintiff acquired all rights in the REDTUBE trademark from its predecessor and now owns the registrations around the world and all trademark rights in the REDTUBE trademark, including common law trademark rights. In addition, Plaintiff owns domain name registrations for a number of domains incorporating the REDTUBE trademark, including <redtube.com>, <redtube.us>, and <redtube.org>. Plaintiff alleges that the REDTUBE trademark has become famous as a result of the widespread popularity of the RedTube website, and it experiences significant goodwill from web users' association of the REDTUBE trademark with high-quality adult videos and online dating services.

Defendant <redtubes.us> is an Internet domain name registered through Tucows, Inc. with the registry Neustar, Inc. Subsequent to Plaintiff's use of the REDTUBE trademark in the United States, and without the consent of Plaintiff, an online dating website began operation at the Defendant domain name <redtubes.us>. The website at the Defendant domain name is titled "Redtube" and has prominently and extensively incorporated the REDTUBE trademark throughout the

front page of its website to brand and market content that is related to, and is in direct competition with, the RedTube website.

On June 1, 2010, Plaintiff filed its Complaint, claiming that Defendant domain name was registered in bad faith, with knowledge of the RedTube website, with the intent to divert and acquire traffic and profits from the RedTube website, and to unlawfully trade on the RedTube website's success, fame, and goodwill through the use of a confusingly similar name and domain. (Compl. ¶ 27.) Plaintiff attempted to notify the registrant by sending the Complaint through certified email, U.S. mail, and through publication in *The Washington Times*. Plaintiff also sent a copy of the Complaint by registered email to Neustar, Inc., the administrator of the registry <us.>. (Dkt. Nos. 13, Exs. A & B, 17.)

Defendant has not responded to the Complaint. Federal Rule of Civil Procedure 55 allows this Court to grant a motion for default judgment where a party has failed to plead or defend against a claim. Fed. R. Civ. P. 55. On September 17, 2010, Plaintiff filed a Request for Entry of Default as to <redtubes.us> with the Clerk's Office. (Dkt. No. 18.) The Clerk entered default as to Defendant <redtubes.us> on October 1, 2010. (Dkt. No. 19.)

On October 22, 2010, Plaintiff filed a Motion for Default Judgment. Plaintiff seeks a judgment against Defendant pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), ordering that the Defendant domain name be transferred to Plaintiff.

A hearing on Plaintiff's Motion for Default Judgment was conducted on October 29, 2010. (Dkt. Nos. 20 & 23.) Defendant failed to appear at the hearing.

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. Fed. R. Civ. P. 72(b). A party must serve any objections to the magistrate judge's recommendation within fourteen (14) days of being served with a copy of the order. *Id*. The district judge to whom a case is assigned should make a *de novo* determination on the record, or receive additional evidence, on any portion of the magistrate judge's disposition to which a party has made a specific written objection. *Id*.

Magistrate Judge Anderson makes the following proposed findings. First, he recommends that the Court find that the REDTUBE trademark is distinctive, that <redtubes.us> is confusingly similar to the REDTUBE trademark, and that the registrant registered and has used <redtubes.us> with a bad faith intent to profit from the REDTUBE trademark. Second, Magistrate Judge Anderson recommends that the Court find that notice of this *in rem* action was provided properly, that no one filed a responsive pleading or claim to the Defendant domain name in a timely manner, and that the Clerk properly entered a default as to Defendant domain name <redtubes.us>. Based on these proposed findings, Magistrate Judge Anderson recommends that a

default judgment be entered in favor of Plaintiff and against Defendant, and that the Court enter an Order directing that Neustar, Inc. transfer the registration for the domain <redtubes.us> to a registrar selected by Plaintiff.

Neither party filed objections within fourteen (14) days after being served with the magistrate judge's recommendation. Therefore, the Court adopts Magistrate Judge Anderson's Report and Recommendation *in toto*. Accordingly, it is hereby

ORDERED that default judgment is GRANTED in favor of Plaintiff Bright Imperial Limited and against Defendant <redtubes.us>. It is

further ORDERED that Neustar, Inc. transfer the registration for the domain <redtubes.us> to a registrar selected by Plaintiff Bright Imperial Limited.

The Clerk is directed to enter judgment in favor of Plaintiff Bright Imperial Limited and against Defendant <redtubes.us> pursuant to Federal Rule of Civil Procedure 58. A separate Rule 58 Judgment Order will be entered with the Memorandum Order.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 17th day of December, 2010.

Alexandria, Virginia
12/17/2010

/s/
Gerald Bruce Lee
United States District Judge